O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOHN CHARLES CRAIN,<br><br>        Petitioner,<br><br>        v.<br><br>JOE LIZARRAGA, Warden,<br><br>        Respondent. | No. ED CV 14-1596-JLS (DFM)<br><br>Final Report and Recommendation of United States Magistrate Judge |

This Final Report and Recommendation is submitted to the Honorable Josephine L. Staton, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.[1]

///

///

///

---

[1] The Court has issued this Final Report and Recommendation to address arguments raised by Petitioner in his objections to the original Report and Recommendation.

# I.
# BACKGROUND

A San Bernardino County Superior Court jury convicted Petitioner John Charles Crain ("Petitioner") of attempted criminal threats. Clerk's Transcript ("CT") 38. The jury also found true the allegation that Petitioner had prior felony convictions. CT 54-56. On May 27, 2010, the trial court sentenced Petitioner to a term of 26 years to life in state prison. CT 88-89.

Petitioner directly appealed his conviction to the California Court of Appeal. On December 7, 2011, the state appellate court affirmed the judgment but ordered a correction to the judgment. Respondent's Notice of Lodging, Lodged Document ("LD") 6. Petitioner subsequently filed a petition for review in the California Supreme Court, which was summarily denied on February 15, 2012. LD 7, 8.

Petitioner then filed a series of state habeas petitions. On May 12, 2012, Petitioner filed a habeas petition in the San Bernardino County Superior Court, which that court denied on July 16, 2012. LD 9, 10.[2] On June 8, 2013, Petitioner sent a letter to the California Court of Appeal, requesting that the court send him a copy of the laws of San Bernardino County. LD 11, 12. On June 25, 2013, the state appellate court construed the letter as a habeas petition and denied it. LD 13. On July 1, 2013, Petitioner filed a habeas petition in the California Court of Appeal, raising claims of ineffective assistance of counsel. LD 14. This petition was summarily denied on September 3, 2013. LD 15.

---

[2] The filing date of May 12, 2012, applies because Petitioner is entitled to the application of the prison "mailbox rule." Houston v. Lack, 487 U.S. 266, 276 (1988); see also Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

Finally, on October 23, 2013, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on January 15, 2014. LD 16, 17.

On July 25, 2014, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1 ("Petition"). On September 9, 2014, Respondent filed a motion to dismiss the Petition on the ground that it was untimely filed. Dkt. 6 ("Motion"). Petitioner did not file an opposition to the motion.

## II.
## DISCUSSION

### A. The Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, including this one, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Where a petitioner pursues a direct appeal to the California Supreme Court, the limitations period begins to run when either the United States Supreme Court has denied a petition for writ of certiorari or, if no petition for certiorari is filed, when the ninety-day period for filing has expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Here, the California Supreme Court denied Petitioner's petition for review on February 15, 2012, and it does not appear that Petitioner filed a certiorari petition in the United States Supreme Court. See LD 8. Petitioner's conviction therefore became final on May 15, 2012. Petitioner then had one year, or until May 15, 2013, to timely

file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant petition in this Court until July 25, 2014. Absent some basis for tolling the limitations period, the Petition is untimely.

B.  **Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as a petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions. Id.

As discussed above, Petitioner's state-court judgment became final on May 15, 2012. Petitioner filed a state habeas petition in the San Bernardino County Superior Court on May 12, 2012. Because Petitioner filed his habeas petition before his state-court judgment became final, he is not entitled to any statutory tolling before the commencement of the federal limitations period. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (holding that state habeas petitions denied prior to commencement of the federal limitations period have "no effect on the timeliness of the ultimate federal filing"); see also Koon v. Barnes, No. 11-0131, 2014 WL 3615146, at *5 (E.D. Cal. July 21, 2014) (holding that state habeas petition that was pending when statute began running tolled statute of limitations until state court denied petition). The Superior Court denied the petition on July 16, 2012. LD 10. Petitioner is therefore entitled to statutory tolling from May 15, 2012 to July 16, 2012.
///

Petitioner next filed what the California Court of Appeal construed as a habeas corpus petition on June 8, 2013. LD 11, 12. Petitioner did not oppose Respondent's motion to dismiss; the Court therefore has nothing before it to justify this delay of nearly eleven months. Statutory tolling is not available for this period because an unjustified delay of 327 days is not reasonable. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); see also Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (holding that unjustified delay of 82 days was unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding unjustified delays of 92 and 81 days). Accordingly, as of June 8, 2013, Petitioner had just 38 days left in his one-year limitations period to timely file a federal habeas petition.

On July 1, 2013, Petitioner filed another habeas corpus petition in the California Court of Appeal, raising a claim of ineffective assistance. LD 14. Although the gaps or intervals between the filing of petitions to higher courts are usually tolled, the Ninth Circuit employs a two-part test to determine whether the period between petitions filed in the same court are tolled:

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making "proper use of state court procedures," and his application is still "pending" for tolling purposes. We then ask whether they were ultimately denied on the merits or deemed untimely. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003)(citation omitted); accord Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010).

Here, it does not appear that Petitioner's second habeas petition in the California Court of Appeal was an attempt to "correct the deficiencies" of the first petition. In the first petition, Petitioner sought books on the laws of San Bernardino County; by contrast, Petitioner's second petition raised a new claim of ineffective assistance of counsel. Compare LD 9 with LD 14. Therefore, it appears that this second habeas petition was a "new round" and Petitioner is not entitled to gap tolling between the two petitions.

Even if the Court assumes, however, that Petitioner's second petition in the California Court of Appeal was an attempt to correct the deficiencies of the first, that assumption will have no effect on the Court's ultimate conclusion. The California Court of Appeal denied the second habeas petition without comment on September 3, 2013. LD 15. Petitioner then filed a habeas petition in the California Supreme Court on October 23, 2013, which was in turn denied on January 15, 2014. LD 16, 17. Therefore, as of January 15, 2014, Petitioner had no more than 38 days left in the one-year limitations period, or until February 22, 2014, to timely file a habeas petition in this Court. However, Petitioner did not file his federal habeas petition until July 25, 2014.

Accordingly, the Court finds that even giving Petitioner the benefit of the doubt as to the period between his two habeas petitions filed in the California Court of Appeal, Petitioner's one-year limitations period expired on February 22, 2014. Petitioner did not file his habeas petition in this Court until July 25, 2014, more than five months too late. Thus, even with the benefit of statutory tolling for the period of his state habeas petitions, Petitioner's federal habeas petition is still untimely.

C. **Equitable Tolling**

The Supreme Court has recognized that AEDPA's limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 648 (2010). However, in order to be entitled to equitable tolling, the

petitioner must show establish that: (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way. Id. at 649. "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks omitted). Petitioner must prove that the alleged extraordinary circumstance was a proximate cause of his untimeliness and made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); see also Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006) (citing Stillman v. Lamarque, 319 F.3d 1199, 1203 (9th Cir. 2003)).

To warrant equitable tolling based on a mental impairment, a petitioner must show: (1) his mental impairment was so severe that he either was "unable rationally or factually to personally understand the need to timely file," or that his mental state "rendered him unable personally to prepare a habeas petition and effectuate its filing"; and (2) he was diligent in pursuing his claims, "but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

In the Petition itself, Petitioner vaguely alleges that "if [he] did not appeal on time or failed to exhaust any remedy [it is] because [he is] mentally ill and was incompetent." Petition at 3. This conclusory claim is unavailing. Nothing in the Petition indicates that Petitioner suffered mental incapacity to such a profound degree that it rose to the level of an "extraordinary circumstance" for purposes of equitable tolling. At no point does Petitioner indicate that he was so impaired by his mental illness that he could not understand the need to file a timely habeas petition. Nor does Petitioner indicate that he was so mentally ill that he was unable to prepare a habeas petition.

After failing to file an opposition to Respondent's motion to dismiss, Petitioner filed objections to the Court's original Report and Recommendation. See Dkt. 10 ("Objections"). Although his arguments are difficult to decipher, Petitioner appears to allege that he was taken off his medications in May or July of 2013 and subsequently suffered from severe withdrawal, a situation that made it impossible for him to file his habeas petition within the timeframe required. See id. at 3, 5.

Even giving Petitioner's allegations the liberal construction afforded to pro se litigants, see Maleng v. Cook, 490 U.S. 488, 493 (1989), the Court finds that these allegations are insufficient to demonstrate that Petitioner is entitled to equitable tolling. As an initial matter, although Petitioner claims that his medication was stopped in May or July of 2013, he filed state habeas petitions on May 12, 2013, June 8, 2013, July 1, 2013, and October 23, 2013. See LD 9, 11, 14, and 16. These filings reflect that Petitioner was able to diligently pursue his state-court claims during the months after his medication was allegedly stopped. Furthermore, these allegations do not adequately explain the lapse of time between (1) the Riverside County Superior Court's denial of Petitioner's first habeas petition on July 16, 2012 and May 2013, the earliest date he claims to have been taken off his medication; and (2) the California Supreme Court's denial of his habeas petition on January 15, 2014, and the filing of his habeas petition on July 25, 2014. Together, those two time periods comprise several months more than AEDPA's one-year limitations period.

Moreover, Petitioner at one point tellingly reveals why his Petition was untimely when he concedes that he did not file his Petition until July 25, 2014 because he "needed help to file writ of habeas corpus." Objections at 6. The law is well-established that lack of legal assistance does not constitute an "extraordinary circumstance" entitling a habeas petitioner to any equitable tolling of the limitation period. See, e.g., Rasberry v. Garcia, 448 F.3d 1150,

1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Ekenberg v. Lewis, No. 98-1450, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances.").

In sum, Petitioner has not demonstrated that the severe withdrawal he suffered from being taken off his medications in 2013 left him either unable rationally or factually to personally understand the need to timely file or that his condition rendered him unable personally to prepare a habeas petition and effectuate its filing. Nor has he demonstrated that he diligently pursued his claims, but that his severe withdrawal made it impossible for him to meet the filing deadline. Petitioner's claim of equitable tolling accordingly fails. See Bills, 628 F.3d at 1099-1100.

## III.
## CONCLUSION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's motion to dismiss; and (3) directing that Judgment be issued denying the Petition and dismissing this action with prejudice.

Dated: June 30, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge